IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CASEY LEE BRIGGS, Jr. | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv029 |
| GREGG COUNTY SHERIFF OFFICE, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 while he was incarcerated in the Gregg County Jail. On January 19, 2023, the Court ordered Plaintiff to satisfy the filing fee requirement for this case by either paying $402 or filing a properly supported motion to proceed *in forma pauperis*. (Dkt. #3.) Plaintiff has not complied with that order.

On February 9, 2023, the Court received a letter from Plaintiff in which he complained about trouble with mail delivery in jail and provided a secondary home address to which correspondence could be mailed. (Dkt. #5.) The Court re-mailed its previous order to Plaintiff at the jail's street address and granted him an additional thirty days to comply. (Dkt. #6.) That mailing was returned to the Court on March 9, 2023, stamped "[n]ot at this facility." (Dkt. #7.) The Court then again re-mailed its previous orders to Plaintiff at the secondary home address provided in his letter, on March 13, 2023. Plaintiff has not confirmed receipt of that mailing or complied with the Court's order regarding the filing fee.

It is well-settled that a plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex. Oct. 10, 2016) (explaining that "litigants, including prisoners,

bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Local Rules of the Eastern District of Texas: "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d).

Plaintiff has been expressly advised of those requirements through the course of this litigation. Specifically, the form on which Plaintiff filed his complaint informed him of his responsibility to "inform the court of any change of address and its effective date" and that failure to do so "may result in the dismissal" of his lawsuit. (Dkt. #1 at 2.) Again, just above Plaintiff's signature, the complaint form required him to acknowledge this obligation: "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (Dkt. #1 at 5.) Nevertheless, Plaintiff did not advise the Court when he was released from jail and appears not to have provided his current address.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as

fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to prosecute and to maintain a current address with the Court or to comply with the order to satisfy the filing fee requirement is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE